UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TREY RYAN MOHLENHOFF § | | |
| Plaintiff § | | |
| § | | |
| VS. § | CIVIL ACTION NO. _____ | |
| § | | |
| MYERS TRANSPORT, INC., HAROLD § | JURY TRIAL DEMANDED | |
| ENTERPRISES, LLC, AND § | | |
| JASON H. WILLIAMS, § | | |
| Defendants § | | |

**PLAINTIFF TREY RYAN MOLENHOFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Trey Ryan Mohlenhoff (hereinafter "Plaintiff" or Mohlenhoff"), and files this Original Complaint against Defendants Myers Transport, Inc., Harold Enterprises, LLC, and Jason H. Williams (hereinafter collectively "Defendants" or separately as "Myers Transport" or "Harold Enterprises" or "Williams"), and in support thereof shows the Court as follows:

**I.
PARTIES**

1.1  Plaintiff, Trey Ryan Mohlenhoff, is a citizen and resident of Nueces County, Texas. The last three digits of Plaintiff's driver's license number are117. The last three digits of Plaintiff's social security number are 444.

1.2  Defendant Myers Transport, Inc. is a corporation located in and registered in Louisiana. Its primary address is 6314 Leslie Lane, Lake Charles, Louisiana 70615. Defendant, Myers

1

Transport can be served with citation and service of process through its registered agent, Troy B. Thibodeaux, Sr, located at 200 Esco Rigmaiden Rd., Longville, LA 70652.

1.3   Defendant Harold Enterprises, LLC is a limited liability company doing business in Texas, and its address is currently unknown. Defendant Harold Enterprises can be served with citation and service of process through its registered agent, Troy B. Thibodeaux Sr., located at 200 Esco Rigmaiden Rd., Longville, LA 70652.

1.4   Defendant Jason H. Williams is an individual residing in Louisiana. Defendant Williams can be served with citation and service of process at his last known address, 525 Harrington Rd., DeRidder, Louisiana 70534; or wherever he may be found.

## II.
## JURISDICTION

2.1   This court has original jurisdiction over this action by reason of diversity of citizenship between the parties. *28 U.S.C. Section 1332*. Plaintiff is a resident of Texas and Defendants are residents of Louisiana. Plaintiff's amount in controversy exceeds $75,000.00. *Id.*

## III.
## RELATED LITIGATION

3.1   The following is pending litigation related to this cause: Civil Action No. 4.23-cv-02515; *Robert Svoboda v. Myers Transport, Inc., Harold Enterprises, LLC and Jason H. Williams;* United States District Court, Southern District of Texas, Houston Division; Honorable Judge David Hittner. Both matters are currently scheduled for mediation on February 13, 2024.

## IV.
## BACKGROUND FACTS

4.1   Plaintiff Mohlenhoff brings this suit to recover damages for personal injuries he sustained in a collision with a tractor-trailer owned or leased by Defendants Myers Transport and/or Harold Enterprises and driven/operated by Defendant Williams at the time of the incident made the basis of this suit.

4.2   On January 5, 2022, at approximately 12:15 p.m., Plaintiff Mohlenhoff was the driver of a 2017 Peterbilt tractor-trailer heading eastbound on North FM 3083 in or near Conroe, Montogomery County, Texas. The truck that Plaintiff Mohlenhoff was operating then came to a full stop at the intersection with FM 1484.

4.3   Defendant Williams was driving a 2015 Kenworth tractor-trailer eastbound behind the vehicle which Plaintiff was operating. Williams failed to control his speed and crashed into the rear of Plaintiff's vehicle.

4.4   Defendant Williams was cited by the investigating officer for following too closely.

4.5   The tractor-trailer driven by Defendant Williams was owned by Defendants Myers Transport and/or Harold Enterprises, while he was in the course and scope of his employment for Myers Transport and/or Harold Enterprises. Williams failed to maintain his speed, keep a proper lookout, failed to timely apply the brakes, and failed to maintain a safe following distance.

4.6   Plaintiff Mohlenhoff was restrained at the time; and, upon impact, was violently jerked frontward and backward by the force of the collision. As a result of this collision, Plaintiff Mohlenhoff suffered severe injuries.

## V.

## **NEGLIGENCE AND NEGLIGENCE PER SE OF WILLIAMS AND RESPONDEAT SUPERIOR**

5.1   Defendant Williams was negligent in one or more of the following particulars, each of which act and/or omission, individually or collectively, constitutes negligence and negligence per se which proximately caused the collision and the resulting injuries and damages to Plaintiff Mohlenhoff.

    a.   Following too closely;

    b.   Failing to maintain a safe following distance;

    c.   Failing to timely apply his brakes;

    d.   Failing to control his speed;

    e.   Violating the Texas Transportation Code Sections 545.062, 545.351, and 545.401;

    f.   Operating his vehicle in a negligent and/or reckless manner;

    g.   Failing to keep a proper lookout; and

    h.   Failing to take proper and safe evasive action.

5.2   The negligence of Defendant Williams was a proximate cause of Plaintiff Mohlenhoff's injuries and the damages suffered herein.

5.3   Defendants Myers Transport and/or Harold Enterprises, are legally responsible to Plaintiff Mohlenhoff for the negligent conduct of Defendant Williams under the legal doctrine of ***Respondeat Superior*** because Defendant Williams was at all times material hereto an agent, ostensible agent, servant and/or employee of Myers Transport and/or Harlod Enterprises, and was acting within the course and scope of his employment.  As a result,

Defendants Myers Transport, and/or Harold Enterprises, are vicariously liable for all negligence of Defendant Williams.

5.4   When it is alleged that Defendant Williams and/or Defendants Myers Transport and/or Harold Enterprises did any act, it is meant that Defendants Myers Transport and/or Harold Enterprises' employees, agents, officers, representatives, or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of Myers Transport and/or Harold Enterprises or was done in the normal and routine course and scope of employment of such person. Under the doctrine of ***Respondeat Superior***, Myers Transport and/or Harold Enterprises are liable to Plaintiff Mohlenhoff for the conduct or omissions of its employees, including, but not limited to Williams.

## <u>VI.</u>
## <u>NEGLIGENCE/NEGLIGENT ENTRUSTMENT/FAILURE TO PROPERLY TRAIN BY DEFENDANTS MYERS TRANSPORT AND/OR HAROLD ENTERPRISES</u>

6.1   At all relevant times, Defendants Myers Transport and /or Harold Enterprises were the owners of the tractor-trailer vehicle involved in the subject collision and were also the employer of Defendant Williams who was acting in the course and scope of his employment at the time of the negligent acts and crash in question.

6.2   Defendants Myers Transport and/or Harold Enterprises were also negligent in failing to properly train, instruct and supervise Defendant Williams, and such negligence was a proximate cause of the accident made the basis of the lawsuit and Plaintiff Mohlenhoff's injuries and damages.

6.3   Defendants Myers Transport and/or Harold Enterprises were each independently negligent and negligent per se in the entrustment of its 18-wheeler to Defendant Williams. Plaintiff

therefore brings this action under general negligence entrustment theories against Defendants Myers Transport and/or Harold Enterprises.

6.4 The negligence of Defendants Myers Transport and/or Harold Enterprises was a proximate cause of Plaintiff Mohlenhoff's injuries and damages suffered herein.

## VII.
## DAMAGES

7.1 As a direct and proximate cause of the acts and omissions set out above, Plaintiff Mohlenhoff sustained injuries in the accident made the basis of this suit. From the date of the occurrence in question until the time of trial of this case, and for the foreseeable future based on the evidence, these elements of damages should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonable compensate Plaintiff, Mohlenhoff for each of the elements as follows:

1. All damages requested including monetary relief over $1,000,000.00;
2. Physical pain and mental anguish in the past and future;
3. Lost wages and loss of earning capacity in the future;
4. Physical disfigurement in the past and future;
5. Physical impairment in the past and future;
6. Medical expenses in the past and future; and,
7. All other damages allowed by law and equity.

## VIII.
## PREJUDGMENT INTEREST

8.1 Plaintiff Mohlenhoff would additionally show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and

Plaintiff Mohlenhoff sues for recovery of pre-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## IX.
## JURY DEMAND

9.1   Plaintiff Mohlenhoff respectfully requests a jury trial.

## X.
## RESERVATION OF RIGHTS

10.1   These allegations against Defendants are made acknowledging that investigation and discovery are continuing in this matter.  As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional and/or different allegations, including the potential of adding additional parties or dismissing parties from the case.  Plaintiff Mohlenhoff's right to do so under the Texas Law is expressly reserved.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons, Plaintiff Mohlenhoff requests Defendants be cited and appear herein and answer, that upon final trial or other disposition of this lawsuit, Plaintiff Mohlenhoff has and recovers judgment against Defendants, jointly and severally, for the following: (1) judgment against Defendants for actual and compensatory damages in accordance with the evidence, (2) pre-judgment and post-judgment interest as provided by law, (3) costs of court, and (4) such other and further relief, general and special, at law and in equity, to which Plaintiff Mohlenhoff may show himself to be justly entitled.

Respectfully Submitted,

**WEBB, CASON & MANNING, P.C.**
710 Mesquite Street
Corpus Christi, Texas 78401
Telephone:	(361) 887-1031
Facsimile:	(361) 887-0903

*/s/ Benny M. Cason*
BENNY M. CASON
Attorney-in-Charge
State Bar No. 03969250
Federal ID No. 12194
General Correspondence Email:
benny@wcctxlaw.com
**\* E-Service Email: service@wcctxlaw.com**
**\* E-Service is only accepted at the above designated e-service e-mail address.**

ATTORNEYS FOR PLAINTIFF

8